**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

                                          CASE NO. 07-20001
v.                                         HON. LAWRENCE P. ZATKOFF

PAUL M. WOLF,

    Defendant.
_____/

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Objections to the Presentence Investigation Report [dkt 11] in which Defendant argues that he is entitled to a lower guideline range. The government has responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that this issue be resolved on the briefs submitted. For the reasons set forth below, Defendant's Objections are DENIED.

Defendant claims that he is entitled to a reduction in the guideline range based on the decision in *Boulware v. United States*, 128 S. Ct. 1168 (2008), which endorses the proposition that "it is the reality of the tax obligation, rather than the taxpayer's characterization of it that controls whether or not there is an actual tax deficiency, and the resultant amount of that tax loss." *Id.* at 1175. Defendant argues that the Internal Revenue Service previously determined that his compensation was excessive and the excessive portion should have been treated as a "disguised dividend." Defendant argues that if this "disguised dividend" was paid to Defendant in 2003, it would be taxed at the beneficial rate of 15% (as opposed to the 36.45% rate that Defendant actually

paid on his compensation). Defendant further argues that classifying his compensation in this way would yield a lower tax obligation and a lower tax loss, which would result in a lower guideline calculation.

The government responds that *Boulware* is not relevant to this matter and that Defendant is merely extrapolating dicta from the decision in an attempt to contravene well-established case law that "tax loss is the intended loss." The government further argues that Defendant should not be allowed to amend his tax characterizations retroactively. Finally, the government contends that any excessive compensation was paid to Defendant in 2002, when dividends did not enjoy the beneficial tax rate. Thus, the government takes the position that the guideline range would not change even if Defendant were permitted to reclassify his tax obligations.

In *Boulware*, the Supreme Court succinctly articulated the issue and holding: "whether a distributee accused of criminal tax evasion may claim return-of-capital treatment without producing evidence that either he or the corporation intended a capital return when the distribution occurred. We hold that no such showing is required." *Id.* at 1173. The decision was specifically tailored to the issue of whether a particular criminal defense mandated evidence of intent. The holding of the case, then, does not advance Defendant's cause.

The government appropriately observes that Defendant seeks refuge in *Boulware's* dicta—particularly in the proposition that actual tax loss must be determined by "the objective economic realities of a transaction rather than . . . the particular form." *Id.* at 1175 (quoting *Frank Lyon Co. v. United States*, 435 U.S. 561, 573 (1978)). *Boulware*, however, only mentions that the objective economic realities govern "*tax classifications* like 'dividend' and 'return of capital.'" *Id.* (emphasis supplied). In the absence of direct application to tax-loss computation, the Court does

not find *Boulware* instructive. The Court's conclusion is bolstered by the legal principle that "tax loss is the intended loss, not the government's actual loss." *United States v. Phelps*, 478 F.3d 680, 682 (5th Cir. 2007); *see also United States v. Kemp*, No. 96-6662, 1998 U.S. App. LEXIS 15344, at *20–21 (6th Cir. July 6, 1998). On the strength of this principle, other courts have held that they "do not interpret [the sentencing guidelines] as giving taxpayers a second opportunity to claim deductions after having been convicted of tax fraud." *United States v. Spencer*, 178 F.3d 1365, 1368 (10th Cir. 1999). Indeed, it contradicts the logic of the criminal justice system to allow one who has committed tax fraud to reclassify his taxes after the fact in an attempt to minimize his punishment.

In addition to the aforementioned principles, the timing of the underlying events in this case suggest that even if *Boulware* was applicable and Defendant was entitled to reclassify the payments at issue, there would be no impact on the tax loss. Given the distribution of Defendant's wages, it is likely that the funds at issue were actually paid to Defendant in 2002—when dividends did not receive the beneficial 15% taxable rate. Defendant concedes this possibility in his Objections. When tax loss is uncertain, "the guidelines contemplate that the court will simply make a reasonable estimate based on the available facts." USSG § 2T1.1, comment (n.1).

Based on the foregoing,

IT IS ORDERED that Defendant's Objections are DENIED.

IT IS SO ORDERED.

Date: May 20, 2008

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE